UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LARRY PHILPOT,                                   :

                 Plaintiff,      :

           v.                          :          17 Civ. 4589 (AKH)

HNGN INC.,                                       :          ECF Case

            Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


MEMORANDUM OF PLAINTIFF IN SUPPORT OF HIS
MOTION FOR A DEFAULT JUDGMENT


DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Table of Contents

Table of Authorities ....................................................................................................... ii

Preliminary Statement ....................................................................................................1

Argument ........................................................................................................................1

    I.      PHILPOT IS ENTITLED TO A DEFAULT JUDGMENT AGAINST
            HNGN ON THE ISSUE OF LIABILITY FOR COPYRIGHT
            INFRINGEMENT ...............................................................................................1

    II.     THE COURT SHOULD SCHEDULE A HEARING AT WHICH A JURY
            WILL DETERMINE THE AMOUNT OF STATUTORY DAMAGES ...............3

          A.     Philpot Has a Constitutional and Statutory Right To A Jury Trial .............3

          B.     The Court Should Exercise Its Discretion To Order A Jury Trial ..............5

Conclusion ......................................................................................................................6

Table of Authorities

**Cases**

Adriana Int'l Corp. v. Thoeren,
913 F.2d 1406 (9th Cir. 1990) ................................................................................................ 4

Au Bon Pain Corp. v. Artect, Inc.,
653 F.2d 61 (2d Cir. 1981) ..................................................................................................... 2

Barber v. Turberville,
218 F.2d 34 (D.C. Cir. 1954) ................................................................................................. 3

Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.
Moulton Masonry & Const., LLC,
779 F.3d 182 (2d Cir. 2015) ................................................................................................. 1

Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.,
699 F.3d 230 (2d Cir. 2012) ............................................................................................. 1-2

Feltner v. Columbia Pictures Television, Inc.,
523 U.S. 340 (1998) ............................................................................................................. 3

Frankart Distributors, Inc. v. Levitz,
796 F. Supp. 75 (E.D.N.Y. 1992) ......................................................................................... 4

Graham v. Malone Freight Lines, Inc.,
314 F.3d 7 (1st Cir. 2000) .................................................................................................... 4

Henry v. Sneiders,
490 F.2d 315 (9th Cir. 1974) ............................................................................................... 4

Hutton v. Fisher,
359 F.2d 913 (3rd Cir. 1966) ............................................................................................... 4

Island Software & Computer Serv., Inc. v. Microsoft Corp.,
413 F.3d 257 (2d Cir. 2005) ................................................................................................. 2

Kormes v. Weis, Voisin & Co., Inc.,
61 F.R.D. 608 (E.D. Pa. 1974) ......................................................................................... 4, 5

Manno v. Tennessee Production Center, Inc.,
657 F. Supp.2d 425 (S.D.N.Y. 2009) .................................................................................... 4

Matter of Dierschke,
975 F.2d 181 (5th Cir. 1992) ............................................................................................... 4

Mitchell v. Bd. of Cty. Comm'rs of Cty. of Santa Fe,
05 Civ. 1155 (JOB), 2007 WL 2219420 (D.N.M. May 9, 2007) ................................... 5

North Jersey Media Group v. CafePress,
13 Civ. 3932 (ALC) ......................................................................................... 6

Olcott v. Del. Flood Co.,
327 F.3d 1115 (10th Cir. 2003) ........................................................................... 4

Smith v. Barnesandnoble.com, LLC,
839 F.3d 163 (2d Cir. 2016)............................................................................... 2

Two Old Hippies, LLC v. Catch the Bus, LLC,
784 F. Supp.2d 1221 (D.N.M. 2011) ................................................................. 6

Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.,
282 F.R.D. 604 (D. Utah 2012) .......................................................................... 5

**Constitution**

U.S. Const. amend. VII ....................................................................................... 3

**Statutes**

17 U.S.C. § 106 ................................................................................................. 2

**Rules**

Fed. R. Civ. P. 38 ........................................................................................ 4, 5

Fed. R. Civ. P. 55(b)(2) .................................................................................... 5

**Other**

Business and Litigation in the Federal Courts § 44.4(5)
Robert L. Haig ed. (West Group & ABA 1998) ........................................... 3

Moore's Federal Practice ¶ 38.19[3] (2d ed. 1988) ...................................... 6

iii

Plaintiff Larry Philpot ("Philpot") respectfully submits this memorandum in support of his motion for a default judgment against defendant HNGN, Inc. ("HNGN"), establishing HNGN's liability for copyright infringement, and scheduling a hearing at which a jury will determine the appropriate award of statutory damages.

## Preliminary Statement

Philpot commenced this action on June 19, 2017. (Dkt. 1) Philpot demanded a jury trial. (Dkt. 1) The Clerk entered a certificate of default on July 20, 2017. (Dkt. 14)

Philpot is entitled to a default judgment. HNGN used Philpot's copyrighted photograph of Randy Travis (the "Photograph") without authorization. The Photograph is the subject of a valid copyright certificate, and was at the time HNGN infringed it. Philpot is therefore entitled to an award of statutory damages. HNGN's failure to appear in this action should not strip Philpot of his right to have a jury determine the amount of statutory damages. Philpot therefore requests that the Court grant Philpot default judgment against HNGN on the issue of liability for copyright infringement, and schedule a hearing on the issue of damages, at which a jury will determine the amount of statutory damages.

## Argument

### I.

### PHILPOT IS ENTITLED TO A DEFAULT JUDGMENT AGAINST HNGN ON THE ISSUE OF LIABILITY FOR COPYRIGHT INFRINGEMENT

On an application for a default judgment, the Court should presume as true the well-pleaded allegations in the complaint, except as to damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015)(quoting Cement &

Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)("First, at the inquest, the court should have accepted as true all of the factual allegations of the complaint, except those relating to damages.").

"A claim of direct copyright infringement requires proof that (1) the plaintiff had a valid copyright in the work, and (2) the defendant infringed the copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder." Smith v. Barnesandnoble.com, LLC, 839 F.3d 163, 166 (2d Cir. 2016)(citing Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005)).

Philpot's complaint properly alleged the facts that provide the basis for a copyright infringement claim. Philpot alleged that he created the Photograph (Dkt. 1 ¶ 7), owns the copyright in the Photograph (Dkt. 1 ¶ 8), registered the copyright in the Photograph with the Copyright Office with a collection of photographic works, effective August 21, 2013, and received Copyright Registration Number VAu 1-164-624, which is valid and enforceable. (Dkt. 1 ¶ 9) The complaint attached a copy of the Photograph, Exhibit A (Dkt. 1-1), and a copy of the Registration Certificate, Exhibit B. (Dkt. 1-2)

Philpot also alleged the facts necessary for a finding that HNGN infringed the copyright in the Photograph. Philpot alleged that on or about September 22, 2014, an employee of HNGN made a copy of the Photograph on a computer, uploaded a copy of the Photograph to HNGN's website, published an article about Randy Travis on the HNGN website, and used HTML source code to cause the Photograph to appear with the article. (Dkt. 1 ¶ 10) The complaint attached a copy of the article as it appeared on the HNGN website with the Photograph. (Dkt. 1-3) Philpot

also alleged that HNGN did not have authority to use the Photograph and did not credit Philpot for its use of the Photograph. (Dkt. 1 ¶ 12)

Because Philpot has properly pled the facts that provide a basis for a copyright infringement claim, Philpot is entitled to a default judgment establishing the liability of HNGN for copyright infringement.

II.

THE COURT SHOULD SCHEDULE A HEARING AT WHICH A JURY WILL<br>DETERMINE THE AMOUNT OF STATUTORY DAMAGES

A.   <u>Philpot Has a Constitutional and Statutory Right To A Jury Trial</u>.

The Seventh Amendment to the Constitution of the United States grants the right to a trial by jury in civil cases. It provides:

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

U.S. Const. amend. VII.  The constitutional right to a jury trial extends to the amount of statutory damages in a copyright infringement case. <u>Feltner v. Columbia Pictures Television, Inc.</u>, 523 U.S. 340, 353 (1998)("The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner.")(emphasis in original).

Basic principles of fairness and logic dictate that HNGN's default should not extinguish Philpot's constitutional right to have a jury determine the amount of statutory damages. "Assuming that the Seventh Amendment would guarantee such a right in the absence of a default, it would seem somewhat harsh to take it away merely because one's adversary declines to appear for battle." <u>Business and Litigation in the Federal Courts</u> § 44.4(5) n. 56 (Robert L. Haig ed. (West Group & ABA 1998); See <u>Barber v. Turberville</u>, 218 F.2d 34, 37 (D.C. Cir.

3

1954)("Surely, in a case such as this, it is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury."); Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966)(where damages after a default judgment were determined by a jury without discussion by the appellate court).

Cases denying the request of the defaulting party for a jury trial on the issue of damages are distinguishable because here, it is Philpot, not the defaulting party, requesting the jury trial. See e.g. Manno v. Tennessee Production Center, Inc., 657 F. Supp.2d 425 (S.D.N.Y. 2009); Frankart Distributors, Inc. v. Levitz, 796 F. Supp. 75 (E.D.N.Y. 1992); Kormes v. Weis, Voisin & Co., Inc., 61 F.R.D. 608, 620 (E.D. Pa. 1974); Olcott v. Del. Flood Co., 327 F.3d 1115, 1124 (10th Cir. 2003); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406 (9th Cir. 1990); Henry v. Sneiders, 490 F.2d 315 (9th Cir. 1974).

Some courts have, we believe erroneously, extended this rule to deprive a plaintiff of his right to a jury trial on damages in the event of a default. See Graham v. Malone Freight Lines, Inc., 314 F.3d 7 (1st Cir. 2000)("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default in these circumstances."); Matter of Dierschke, 975 F.2d 181, 185 (5th Cir. 1992)("in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages").

Rule 38(d) requires the Court to hold a jury trial on the issue of damages. Rule 38(d) provides, in relevant part that "A proper demand may be withdrawn only if the parties consent." Here, Philpot has not withdrawn his jury demand and HNGN has not consented to such a withdrawal.

Courts have held that Rule 38(d) requires the Court to hold a jury trial on the issue of damages when the defendant has not consented to the to the withdrawal of a jury demand, even

in a case where defendant has made no appearance at all, and even in a case where the plaintiff withdraws his demand for a jury trial on the issue of damages.

In <u>Mitchell v. Bd. of Cty. Comm'rs of Cty. of Santa Fe</u>, 05 Civ. 1155 (JOB), 2007 WL 2219420, at *13 (D.N.M. May 9, 2007), the defendant never appeared, resulting in a default. The plaintiff wanted to have the Court decide the issue of damages, but the Court held that since the plaintiff had demanded a jury trial in his complaint, the explicit text of Rule 38 barred him from withdrawing his demand without the consent of the defendant. "Mitchell must acquire O'Brien's consent to withdraw his jury demand or empanel a jury before the Court will enter judgment for damages.").

In <u>Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.</u>, 282 F.R.D. 604 (D. Utah 2012), the Court found that the defendants had failed to comply with discovery requests and to meaningfully participate in litigation, so it entered default against them. The Court then found that based on Rule 38(d), the defendants had a right to a jury trial on the issue of damages, even after default. "Because the plain language of Rule 38(d) states that both parties must consent to withdraw a jury demand once it has been properly made, and because considerations of fairness support this finding, the court holds that the Shaw Defendants are entitled to a jury on the question of damages." <u>Id.</u> at 607.

B.    <u>The Court Should Exercise Its Discretion To Order A Jury Trial.</u>

Even if the Court concludes that neither party has a right to a jury trial on the issue of damages, post-default, the Court still has discretion to order a jury trial. <u>Kormes v. Weis, Voisin & Co.</u>, 61 F.R.D. 608, 610 (E.D. Pa. 1974)("Under the facts of the present case, we will 'in fairness and logic' apply the consent requirement of Rule 38(d) to the default situation of Rule 55(b)(2), and will in the exercise of our discretion grant a jury trial to defendant Alexander

5

limited to the issue of damages."); <u>Two Old Hippies, LLC v. Catch the Bus, LLC</u>, 784 F. Supp. 2d 1221, 1231 (D.N.M. 2011)(citing <u>Moore's Federal Practice</u> ¶ 38.19[3] (2d ed. 1988) for the proposition that "particular circumstances may impel a judge in the exercise of a sound discretion to grant a jury trial even though there is no constitutional nor statutory right thereto").

The Court should exercise its discretion here and grant Philpot a jury trial here on the issue of damages. A jury trial would likely take up less of the Court's time and resources than a magistrate's inquest. Counsel for Philpot estimates that the presentation of evidence will take less than one hour. (Dunnegan Dec. ¶ 11) Counsel will also save time and resources by not needing to prepare submissions to the Court.

Philpot proposes that the Court instruct the Jury on the issue of statutory damages as set forth in Schedule A.  Counsel adapted this language from the actual charges in <u>North Jersey Media Group v. CafePress, Inc.</u>, 13 Civ. 3932 (ALC)(Dkt. 145 at 57-61/76), except for the instruction concerning the impact of a default judgment on willfulness.

<u>Conclusion</u>

For the reasons set forth above, Philpot respectfully requests that the Court grant its motion.

Dated:  New York, New York
          July 21, 2017

                                        DUNNEGAN & SCILEPPI LLC

                                        By <u>s/William Dunnegan</u>
                                            William Dunnegan (WD9316)
                                            wd@dunnegan.com
                                         Attorneys for Plaintiff
                                         350 Fifth Avenue
                                         New York, New York 10118
                                         (212) 332-8300