# Schedule A

You must determine the amount of damages to which Philpot is entitled.

<u>Statutory Damages</u>

For the infringement of the photograph Philpot is requesting what the law calls statutory damages. The law provides that a copyright owner is entitled, in certain circumstances, to recover a monetary award from an infringer. Within certain broad ranges, which I will describe in more detail, the Copyright Act gives you discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented. The applicable range differs depending on whether you find that the HNGN's infringement was willful.

Infringement is innocent if the infringer was not aware, and had no reason to believe, that its actions were infringing. The level of sophistication of HNGN's business is a factor you should consider in determining whether its infringement was willful.

Other factors to consider are the customs in HNGN's industry, and the overall circumstances at the time the photograph was disseminated.

Infringement is willful if the infringer either knew that its conduct was infringing, or acted with reckless disregard or willful blindness to the prospect that its conduct was infringing. That is, the infringer harbored actual doubts about its right to distribute the work and, yet, willfully proceeded to do so without investigating further. You may find willful infringement if you find HNGN knew it did not have permission, or acted in reckless disregard as to whether or not it had permission to use the photograph.

However, you need not find that HNGN acted maliciously to find willful infringement. If you conclude that HNGN reasonably, and in good faith, believed that it was not infringing Philpot's copyright, then you may not find that HNGN willfully infringed that copyright. You

may infer HNGN's state of mind, including reckless disregard or willful blindness from its conduct.

Factors you should consider in determining willfulness include whether HNGN knew or should have known that the photograph was protected by copyright, received warnings about its infringement, had experience with previous copyright ownership or prior lawsuits regarding similar practices, and was in an industry where knowledge of copyright is prevalent. Philpot has the burden of proving by a preponderance of the evidence that HNGN's infringement was willful. If you are not persuaded that infringement was willful or innocent, you should find that the infringement was neither willful nor innocent.

In this case, a default judgment was entered against HNGN because HNGN never made an appearance or defended itself in this case. You may infer from HNGN's failure to appear and defend itself that its infringement was willful.

## Award Ranges

If you find that HNGN's infringement was innocent, Philpot is entitled to an award of not less than $200, and not more than $30,000. If you find that HNGN's infringement was willful, Philpot is entitled to an award of not less than $750 and not more than $150,000.

If you find that HNGN's infringement was not willful Philpot is entitled to award of not less than $750 and not more than $30,000. You may only make one award of statutory damages within the applicable range.

In deciding on an award within these ranges, you have discretion to choose an amount that you believe is just in light of the evidence presented. The following factors should guide your assessment of an appropriate award, and you may consider any or all of them:

(1)     HNGN's state of mind, including willfulness,

  (2)  the expenses saved, and profits earned, by HNGN,

  (3)  the revenue lost, if any, by Philpot as a result of the infringement,

  (4)  the deterrent effect, if any, on HNGN and third parties,

  (5)  HNGN's cooperation in providing evidence concerning the value of the infringing material, and

  (6)  the conduct and attitude of the parties.

HNGN's Size And Annual Gross Revenue

Some evidence was admitted at trial regarding HNGN's size and annual gross revenue. That evidence is to be considered only for purposes of evaluating the deterrent effect of a statutory damages award on HNGN. You must consider HNGN's size and annual gross revenue only for that limited purpose. You should not infer from this evidence that HNGN acted willfully or engaged in wrongdoing.