UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| LARRY PHILPOT, | : | |
| Plaintiff, | : | |
| v. | : | 17 Civ. 4589 (AKH) |
| HNGN INC., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF WILLIAM DUNNEGAN
IN SUPPORT OF THE MOTION FOR
A DEFAULT JUDGMENT

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am a member of the Bar of this Court and a partner in the law firm of Dunnegan & Scileppi LLC, attorneys for plaintiff in this action. I am familiar with the facts and circumstances in this action.

2.  I am making this declaration pursuant to Rule 55.1 and 55.2(b) of the Civil Rules of this Court in support of plaintiff's application for the entry of a default judgment as to liability against defendant HNGN, Inc. ("HNGN").

3.  This is an action to recover damages for copyright infringement.

4.  This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 and 1404.

5.  Philpot commenced this action on June 19, 2017 by filing the complaint and requesting issuance of the summons. A copy of the complaint is attached as Exhibit A.

6. Philpot caused the summons and complaint to be served on HNGN by causing a process server to deliver them to a representative of HNGN at its place of business and by causing a copy of each to be served upon the Secretary of State for New York State. Proof of service was filed in this Court on July 19, 2017, as docket entries 10 and 11.

7. HNGN has not responded to the complaint and the time for it to do so has expired.

8. The Clerk has entered a certificate of default, as docket entry 14. A copy of the certificate of default is attached as Exhibit B.

9. This action seeks statutory damages in an amount that a jury should determine within the ranges set forth 17 U.S.C. § 504(c).

10. Philpot therefore requests that Court adjudge HNGN liable for infringement of the Copyright and set a date to impanel a jury to hear evidence and determine the amount of statutory damages in this action.

11. I estimate that that the presentation of evidence, largely the testimony of Mr. Philpot, will consume less than one hour.

12. We have attached our proposed jury instructions as Schedule A to the memorandum. They are adapted from the instructions given by the Hon. Andrew L. Carter in North Jersey Media Group Inc. v. CafePress, Inc., 13 Civ. 3932 (ALC), except for the instruction concerning a default judgment. These are available at docket entry 145, at 57-61/76.

13. A proposed order is attached as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of July 2017.

                                              ___s/William Dunnegan____
                                                  William Dunnegan